White, J.
The original petition in this case is in the nature of a bill in equity, and is filed by a judgment creditor of an insolvent corporation, to obtain satisfaction of his judgment, by the enforce *108 ■ment of the statutory liability of the sev.eral stockholders, and of the liability of one of them on an unpaid stock subscription.
No objection is made on the ground of a defect of parties; and, for aught that appears in the record, the plaintiff is the only creditor, and the defendants the only stockholders of the corporation.
The only ground assigned for the demurrer is, that the petition .does not contain facts sufficient to constitute a cause of action.
The corporation of which the defendants are stockholders, was ^organized under the act of May 1, 1852; and the liability of the stockholders in question, is provided for in section 78, which, ■as originally passed, is as follows:
“All stockholders of any railroad, turnpike, or plank-road, magnetic telegraph, or bridge company, shall be deemed and held liable to an amount equal to their stock subscribed, in addition to said stock, for the purpose of securing the creditors of such company.” 50 Ohio L. 296; 3 Curwen’s Stat. 1897.
The subsequent amendment of April 17, 1854; did not alter the section in respect to railroad companies. 1 S. & C. Stat. 310; 4 Curwon’s Stat. 2582.
The counsel of the defendant in error claims to support the judgment below on the ground that it was not the intention of the legislature “ to make the stockholders in railroad companies individually liable to the creditors of the company; ” but that as stockholders they •are subject to be assessed pro rata by the corporation to the extent of this statutory liability.
This claim was made in Wright et al. v. McCormack et al. (decided at the present term†), and overruled. It was held in that case •that this liability of the stockholders was a security provided by law for the exclusive benefit of the creditors, over which the' corporate authorities had no control.
If the corporation has the right to enforce this liability by assessments, it can exhaust it to discharge a present indebtedness, and ■continue its business with no other security to its future creditors than its corporate liability.
This would neither be in accordance with the design of the constitutional provision, nor of the statute. The intention, doubtless, was to provide an ultimate security to which the creditors might resort on the failure and insolvency of the corporation.
Nor will it follow, as counsel suppose, from the denial of the right *109 to the corporation of enforcing this liability, that it may be enforced against part of the stockholders, at the election of the creditor, without the right on their part to call on their co-stockholders for contribution.
*The liability on the part of the stockholders is several in its nature, but the right arising out of this liability is intended for the common and equal benefit of all the creditors. The suit of a creditor under this statute should, in our opinion, be for the benefit of all the creditors; and the stockholders, whose liability is sought to be enforced, have the right to insist on their co-stockholders being made parties for the purposes of a general account, and to enforce from them contribution in proportion to their shares of stock.
The right of contribution grows out of the organic relation existing among the stockholders. As between them and the creditors, each stockholder is severally liable to all the creditors; as between themselves, each stockholder is bound to pay in proportion to his-stock.
The corporation ought to have been made a party, but the omission was not made an objection; and the demurrer was sustained, and the action dismissed, on the sole ground of the petition not showing a cause of action against the defendants.
The omission to make the corporation a party is, therefore, no objection to the reversal of the judgment. .
The judgment sustaining the demurrer and dismissing the action, is reversed, and the cause remanded for further proceedings.
Day, C. J., and Welch, Brínkerhoee, and Scott, TJ., concurred..

Ante, p. 86.